CROSS, Judge
(dissenting):
I respectfully dissent.
The majority has retried, reweighed, and revaluated the probative weight of-the evidence. Such is not the function of the appellate court. The conclusions of a trial judge as to matters of fact come before the appellate court with the presumption of correctness, and in testing the accuracy of such conclusions the appellate court should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in a light most favorable to sustain those conclusions. Only where findings of fact by the trial court are clearly erroneous may the appellate court substitute its findings of fact for those of the trial court.
Section 847.011(1) (a), Florida Statutes 1971, F.S.A., prohibits certain acts in connection with obscene materials, including the exhibition of obscene motion picture films. Upon complaint by the state attorney or other state official delineated in the statute the circuit court has jurisdiction to enjoin a threatened violation of the above section. Section 847.011(8) (a), Florida Statutes 1971, F.S.A. If the circuit court enters a final decree of injunction, the final decree must also direct the sheriff to seize and destroy the materials affected by the injunction. Section 847.011 (8) (d), Florida Statutes 1971, F.S.A.
It is well settled that an injunction is a discretionary equitable remedy primarily preventative in nature, which is designed to protect one from irreparable harm by commanding acts to be done or prohibiting their commission. 17 Fla.Jur., Injunctions § 2. In order to obtain an injunction, the party seeking this form of equitable relief must clearly demonstrate with evidence a probability that the objectionable course of conduct will continue in the future. City of Jacksonville v. Wilson, 157 Fla. 838, 27 So.2d 108 (1946).
In the amended final judgment of the instant case, the trial court concluded that the films in question were obscene as a matter of law. However, the trial court also found that the state had failed to establish by competent evidence the “threat of irreparable harm” and that “unless enjoined defendant intends to show or exhibit said films in the future.” From an examination of the record it is apparent that the trial court was eminently correct in these findings. There was no evidence on record that absent the issuance of an injunction there would be irreparable harm done or that the defendant would exhibit the obscene films in the future. In view of these facts, the trial court did not err in denying the state’s complaint for in-junctive relief.
*74 I would affirm the final judgment denying the state’s complaint for injunctive relief as the findings of fact made by the trial judge are not clearly erroneous but are consistent with the record.